UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CARLOS ALBERTO AYALA,**<br><br>Defendant. | Case No. 24-mj-4 |

**ORDER**

Defendant Carlos Alberto Ayala has filed a motion seeking an order granting authorization for international travel and for the temporary release of his passport so that he may travel to Spain for the period from March 10, 2024, to March 16, 2024. ECF No. 14. The government opposed the request, asking that the Court deny it in light of the seriousness of the charges Defendant faces (which include a felony) and because Defendant seeks to travel internationally merely "for pleasure." ECF No. 15. The Court held a hearing on March 5, 2024. As discussed on the record at that hearing, the Court found that Defendant's international travel increased his risk of flight and therefore conditioned the return of Defendant's passport and permission to travel internationally from March 10 to March 16, 2024, upon a $25,000 bond secured by title to a vehicle owned by Defendant—a 2019 Tesla Model X—Defendant's execution of a waiver of any right not to be extradited to the United States from any foreign countries to which he will be traveling, and additional reporting requirements. *See United States v. Irizarry*, No. 22-3208, 2022 WL 2284298, at *1–2 (D.C. Cir. June 24, 2022) (reversing the district court's order denying the defendant's request for temporary return of his passport and permission to travel internationally where the government failed to argue that the defendant was a flight risk or danger to the community); *id.* at *3 (Wilkins, J., dissenting) (suggesting imposition of additional conditions to mitigate the risk of flight, including an extradition waiver and a bond secured by property).

Defendant has filed the waiver of extradition rights on the docket of this case, *see* ECF No. 18, and completed the necessary paperwork for the secured bond. Accordingly, it is hereby

**ORDERED** that Defendant's motion for authorization for international travel and temporary release of his U.S. passport, ECF No. 14, is **GRANTED**. It is further

**ORDERED** that Defendant is authorized to travel to Spain for the period commencing on March 10, 2024, returning to the United States on March 16, 2024. It is further

**ORDERED** that Defendant shall be permitted to retrieve and utilize his passport for the sole purposes of booking and then engaging in the limited travel approved in this Order. It is further

**ORDERED** that the Pretrial Services Agency for the District of Columbia ("PSA") may release Defendant's passport to him or to his attorney as of the date this Order is signed and Defendant must return his passport to PSA within 48 hours of returning from his travel. It is further

**ORDERED** that prior to his departure, Defendant shall provide PSA with his flight itinerary and lodging information. It is further

**ORDERED** that Defendant shall communicate with his PSA Officer in Washington, D.C., by telephone or text each day that he is on travel. If Defendant is unable to call his PSA Officer due to lack of cellular reception, he shall communicate by email to the extent practicable and/or let PSA know in advance that he will be out of cellular range and the duration of time he expects to be out of range. It is further

**ORDERED** that within 24 hours after Defendant returns his passport, PSA shall file a notice with this Court regarding his compliance with conditions.

**SO ORDERED.**

Date: March 7, 2024

_____
G. Michael Harvey
United States Magistrate Judge